IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAWRENCE MOSLEY, #307049         *
    Plaintiff,
v.                                *   CIVIL ACTION NO. WDQ-14-480

PSYCHOLOGY DEPARTMENT             *
    Defendant.
                                    *****

MEMORANDUM

I.    PROCEDURAL HISTORY

Lawrence Mosley ("Mosley"), a state inmate confined at the North Branch Correctional Institution ("NBCI"), filed a letter with the court on February 18, 2014, in which he complained that he was receiving inadequate mental health treatment at NBCI. ECF No. 1. Mosley asked to be placed in a facility where he "can get the right treatment" and suggested that due to a death in his family he has become angry and homicidal. *Id.*

The correspondence was construed and instituted as a 42 U.S.C. § 1983 civil rights action for injunctive relief. On February 24, 2014, an Order was issued requiring Mosley to file a signed amended complaint and the civil filing fee or, in the alternative, a motion for leave to proceed in forma pauperis.[1] Defendant was ordered to file a response to the complaint. ECF No. 2. On March 24, 2013, the Office of the Attorney General ("OAG") filed a show cause response, accompanied by declarations, medical records, and an administrative remedy index. ECF No. 4 at Exs. 1-3. On March 25, 2014, the court treated the response as a motion for summary judgment and Mosley was placed on notice of the conversion and informed of his rights and obligations to file an opposition with materials in support thereof. ECF Nos. 5 & 7.

---

[1] Mosley did not comply with this request.

II.     PENDING MOTIONS

Currently before the Court is the court-construed motion for summary judgment filed by the OAG and Mosley's opposition. ECF Nos. 4 & 6. The undersigned has examined the records and declaration and finds that no hearing is necessary. *See* Local Rule 105.6. (D. Md. 2011). For reasons to follow, summary judgment shall be granted and the complaint for injunctive relief shall be dismissed.

III.    STANDARD OF REVIEW

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure when there is no genuine issue as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law. In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to

confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in a light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also E.E.O.C. v. Navy Federal Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005). The mere existence of a "scintilla" of evidence in support of the non-moving party's case is not sufficient to preclude an order granting summary judgment. *See Anderson*, 477 U.S. at 252.

This Court has previously held that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala*, 166 F.Supp.2d 373, 375 (D. Md. 2001) (citation omitted). Indeed, the Court has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *See Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (quoting *Felty v. Graves-Humpreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)).

Mosley seeks injunctive relief, asking that mental health staff provide him the "right treatment." An injunction is a drastic remedy which should not be granted as a matter of course. *See Monsanto Co. v. Geertson Seed Farms*, 130 S.Ct. 2743, 2761 (2010). The party seeking the injunction must demonstrate: (1) by a "clear showing" that, he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Real Truth About Obama, Inc. v. Federal Election Com'n*, 575 F. 3d 342, 346-47 (4th Cir. 2009), vacated on other grounds, __U.S.__, 130 S.Ct. 2371, 176 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam). All four requirements must be satisfied. *Id.* Indeed, the Court in *Winter* rejected a standard

that allowed the [movant] to demonstrate only a "possibility" of irreparable harm because that standard was "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may ... be awarded [only] upon a clear showing that the [movant] is entitled to such relief." *See Winter*, 555 F.3d at 22.

IV. DISCUSSION

1. Facts

It is undisputed that Mosley has a documented diagnosis of bipolar disorder and has been prescribed medication for that condition. On December 17, 2013, Mosley reported to staff that his girlfriend had been killed and that he wished to speak to psychological staff. ECF No. 4, Exs. 1 & 2 at Booth & Durst Decls. His request was forwarded to the NBCI Social Work Department. According to the record, Mosley subsequently indicated he did not wish to correspond or be seen by one of the professional clinical counselors. *Id.* As a result, no follow-up care was scheduled. On February 10, 2014, Mosley wrote a letter to this court indicating that he wished to be seen by mental health staff. Pursuant to the request of the NBCI's Warden, he was seen by a clinical counselor on February 21, 2014. *Id.* According to the OAG response, Mosley informed the counselor he was not feeling homicidal or suicidal and, when confronted with the letter he submitted to this court, he stated he did not wish to be placed in suicide precautions. Rather than focus on the death of his girlfriend, however, Mosley concentrated on his frustration with his housing assignment. *Id.*, Ex. 2. No obituary could be located for the death of his girlfriend and Mosley was not permitted to call home. On March 11, 2014, Mosley was seen by a nurse practitioner for his medication regimen. He was found to have no suicidal or homicidal ideation, but was found to be feeling irritable and frustrated because of his avowed innocence. The nurse concluded that his mood issues were more general adult personality disorder (Axis II) traits than anxiety or depression and medication in the

form of Lithium[2] would help with his irritability and behavior. Mosley gave his consent to receive the medication. ECF No. 5, Ex. 2. The response filed by the OAG indicates that mental health care providers are regularly monitoring Mosley's care and he has not filed any administrative remedy procedure grievances regarding the issues raised in his letter complaint to the court. ECF No. 5, Exs. 1 & 3.

In his reply, Mosley claims that mental health staff are "stopping me from getting the right treatment." ECF No. 6. He complains that since August of 2013, he had twice written to the NBCI psychologists to be seen, but was denied an evaluation because of a prison lockdown. He further complains that no one is "watching" him and when seen by staff in March of 2014, he was feeling homicidal and this is why he received the Lithium. *Id.*

2. Legal Analysis

As an inmate sentenced to confinement, Mosley is entitled to receive reasonable treatment for his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97 (1976). Failure to provide treatment, when indicating a "deliberate indifference to serious medical needs of prisoners" results in "the 'unnecessary and wanton infliction of pain,'...proscribed by the Eighth Amendment." *Id.* at 104. Deliberate indifference is shown by establishing that the defendant had actual knowledge or awareness of an obvious risk to a plaintiff's serious medical need and failed to take steps to abate that risk. *See generally, Farmer v. Brennan*, 511 U.S. 825 (1994); *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101 (4th Cir. 1995). An inmate also has an Eighth Amendment right to be free from deliberate indifference to serious psychiatric needs. *See Comstock v. McCray*, 273 F.3d 693, 702 (6th Cir. 2001). There is no underlying distinction between the right to medical care for physical ills and

---

[2] Lithium is used to treat the manic episodes of manic depression. Manic symptoms include hyperactivity, rushed speech, poor judgment, reduced need for sleep, aggression, and anger. It also helps to prevent or lessen the intensity of manic episodes. *See* www.drugs.com/lithium.html

its psychological and psychiatric counterpart. *See Bowring v. Goodwin*, 551 F.2d 44, 47 (4th Cir. 1977). An inmate is entitled to such treatment if a "[p]hysician or other health care provider, exercising ordinary skill and care at the time of the observation, concludes with reasonable certainty (1) that the prisoner's symptoms evidence a serious disease or injury; (2) that such disease or injury is curable or may be substantially alleviated; and (3) that the potential for harm to the prisoner by reason of delay or the denial of care would be substantial." *Id*. The *Bowring* court further concluded that the aforementioned right to such treatment is based upon the essential test of medical necessity and not upon that care considered merely desirable. *Id*. at 48. As previously noted, even if the inmate shows that he was denied psychological or psychiatric treatment, he must also demonstrate that the failure or refusal to provide treatment constituted deliberate indifference on behalf of personnel.

Mosley has been called upon to rebut the declarations and materials with his own verified documents to establish a genuine dispute of material fact with regard to his mental health claims. He has failed to so do. The documentation provided to the court shows that he has been placed on medication to treat his mental health symptoms and was seen by NBCI mental health staff in 2013 and 2014. Staff has not consciously ignored his complaints.

V. CONCLUSION

For the aforementioned reasons, the show cause response, construed as a motion for summary judgment shall be granted. Injunctive relief shall be denied. A separate Order follows.

Date: 4/30/14

William D. Quarles, Jr.
United States District Judge